UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BRIAN TRASK | **NOTICE OF REMOVAL** |
| Plaintiff, | Civ. Case No. 19-cv-01192 |
| -v- | |
| TOWN OF ALMA, | |
| Defendant. | |

_____

PLEASE TAKE NOTICE that Plaintiff Brian Trask, through his attorney Michael F. Geraci, Esq. of Geraci Law Offices, 1 East Main Street, Suite 500, Rochester, New York, hereby removes to this Court, the state court action described below:

1. On or about August 3, 2020, Brian Trask was served with a Notice of Motion returnable August 19, 2020, in the matter of <u>Town of Alma v. International Association of Machinists and Aerospace Workers Local 1580</u> pending in New York State Supreme Court, Monroe County (Attachment 1).  Trask is not a party in that action.

2. On or about August 14, 2020, Trask was served with an Order to Show Cause returnable on August 24, 2020, in the same matter seeking the same relief as the Notice of Motion.

3. Trask is the plaintiff in an action pursuant to the Fair Labor Standards Act (FLSA) pending this Court, <u>Brian Trask v. Town of Alma,</u> 19–cv–01192 seeking to recover unpaid wages from the Town.

4. The FLSA action is scheduled for mediation commencing on August 20, 2020 pursuant to the Court's ADR Plan.

5. According to the papers served, the Notice of Motion and Order to Show

Cause were also served on two other individuals who were not parties to the state action, Town of Alma Highway Superintendent Dan Ford and Allegheny County Sheriff Ricky Whitney.

6. The relief sought in the state action is a finding of contempt on the part of Trask, Ford and Whitney in connection with Trask's employment by the Town which is the subject of the FLSA lawsuit.

7. Specifically, the Town is seeking to avoid FLSA liability by establishing rights of offset, indemnification and contribution running to the Town for all "wage damages" owed to Trask as a result of Trask's employment on and after July 1, 2020.

8. Removal is appropriate on the grounds that the relief sought by the Town is prohibited by federal law. The FLSA does not permit employers to avoid liability through contribution or indemnification agreements and preempts any State law that does so. Yet, even if the FLSA does not authorize contribution or indemnification, appellant declares these claims may nonetheless be prosecuted under New York law. This view of the law is flawed because the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law in this respect. In addition, federal courts recognize a right to contribution under state law only "in cases in which state law supplie[s] the appropriate rule of decision." *Northwest,* 451 U.S. at 97 n. 38, 101 S.Ct. 1571. Here, federal law, not state law, supplies the appropriate rule of decision because the instant claim has been brought solely pursuant to the FLSA. <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 144 (2d Cir. 1999)

9. Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal is filed within 30 days of the service of the Notice of Motion setting forth the basis for the Removal.

10. Along with this Notice is submitted an index identifying each document filed and/or served in the state court action, along with copies of each document.

11. Notice to all parties of this Notice of Removal is being served contemporaneously with the filing with the Court and will be filed with the New York State Supreme Court Monroe County electronically.

DATED: August 18, 2020
Rochester, New York

                GERACI LAW OFFICES

                /s/ Michael F. Geraci

                _____
                Michael F. Geraci, Esq.
                *Attorneys for Plaintiff*
                1 E. Main Street, Suite 500
                Rochester, New York 14614
                Tel.: (585) 888-6453
                Fax: (585) 222-6453
                mgeraci@geracilawoffices.com