**MONROE COUNTY CLERK'S OFFICE**  **THIS IS NOT A BILL. THIS IS YOUR RECEIPT.**

Receipt #

Book   Page

Return To:
EDWARD ARVIN TREVVETT

No. Pages: 9

Instrument: MISCELLANEOUS DOCUMENT

Control #:   Unrecorded #8161389
Index #:   E2020001926

Date:

Town of Alma

Time:

The International Association of Machinist and Aerospace Workers Local 1580

Total Fees Paid:   $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS ENDORSEMENT, REQUIRED BY SECTION 317-a(5) & SECTION 319 OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

SUPREME COURT
STATE OF NEW YORK     COUNTY OF MONROE
_____

TOWN OF ALMA,

                        Petitioner,

vs.

THE INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE
WORKERS LOCAL 1580,

                        Respondent.
_____

**AFFIDAVIT**

Index No.: E2020001926

STATE OF NEW YORK   )
COUNTY OF MONROE   ) ss.:

    Edward A. Trevvett, Esq., being duly sworn, deposes and says:

    1. I am an attorney admitted to practice in the State of New York and a member of the firm Harris Beach PLLC. I make this Affidavit in support of Petitioner's motion for an Order of civil and criminal Contempt against Respondent International Association of Machinists and Aerospace Workers Local 1580 (the union representing Brian Trask), Brian Trask, Daniel Ford, Sheriff Ricky Whitney and Allegany County. Pursuant to CPLR 5104, I served a certified copy of the Court's Decision and Order to Respondent Local 1580's attorney, Michael Harren, by mail on July 1, 2020, a copy of which is attached hereto as (**Exhibit A**). The other individuals have also been served by mail and/or email with the Court's Decision and Order as well.

    2. Despite knowing that the Court had confirmed the arbitration Award upholding the Town's right to terminate him on January 25, 2019, Mr. Trask has continued without pause to come to work every day for Mr. Ford at the Town's Highway Department. Although the Town has not paid him since January 25, 2019, Mr. Trask, represented privately by Mr. Harren,

has a pending Fair Labor Standards Act lawsuit in federal court seeking to have the Town pay him back wages to January 25, 2019, plus liquidated damages equal to the amount of unpaid wages found and attorney fees. This lawsuit in venued in the Western District of New York with case number 19-cv-01192. Were Mr. Trask to cease coming to work for Mr. Ford at the Town, it could be used as evidence that he was in fact not an employee of the Town on or after January 25, 2019. Thus, Mr. Trask has a strong financial incentive to ignore the effect of the Court's Decision and Order confirming the arbitration Award, just as he ignored the Award itself.

   3. On July 2, 2020, I emailed Allegany County Sheriff Ricky Whitney requesting on behalf of the Town that he remove Mr. Trask as a trespasser (**Exhibit B**). Attached to this email were my letter to the Sheriff requesting assistance, Arbitrator Selchick's Award, and the Court's Decision and Order confirming that Award. Allegany County Administrator Carissa Knapp was copied on this and all other correspondence that I sent to Sheriff Whitney and received copies of Arbitrator Selchick's Award, and the Court's Decision and Order confirming that Award.

   4. On July 3, 2020, Sheriff Whitney sent me an email wherein he stated that: "*The Allegany county Sheriff's office does not have a road patrol and does not handle criminal cases. I suggest you contact the state police in Amity.*" (**Exhibit C, at p.2**).

   5. I replied to Sheriff Whitney's email on July 3, 2020 and stated the following:

> *You should be aware that I have an individual who would be able to testify that your Department often assists with road blocks and has issued traffic tickets in the Town of Wellsville within the last half year. As I understand it, one of your Sheriff Deputies was sitting for days on the Back River Road in Wellsville issuing tickets outside the Village limits at a road trap created by a bridge closing. Given this information, I am somewhat at a loss to understand why you are not willing to have a Deputy go to the Town Highway Department and make sure that Mr. Trask is not trespassing when you have engaged in these other law enforcement*

NYSCEF DOC. NO. 27
INDEX NO. E2020001926
RECEIVED NYSCEF: 07/31/2020

Case 1:20-cv-01111-UNA Document 1-5 Filed 08/19/20 Page 4 of 9

> *activities. This trespass matter would involve no criminal investigation and would seem to be on the same order of police activity as I have described in this email. I would rather not have to take this matter up with Judge Taddeo, the Attorney General's office, or other governmental entities, or go through the process of making a FOIL request for all of your records pertaining to all of your Department's activities over the last 2 calendar years, but I am prepared to do so.*
>
> ***On behalf of the Town of Alma I again request that you forthwith take whatever steps are necessary to have Mr. Trask removed from Town property as a trespasser and prevent him from coming onto Town property to perform any work for Mr. Ford in the Highway Department or operate any Town machinery or vehicles.*** **(Exhibit C, at p.1)** (boldface in original).

6. Mr. Trask continued to come to work and I received no further correspondence from Sheriff Whitney in response to my July 3, 2020 email. Accordingly, I sent one last email request to Sheriff Whitney seeking to have him remove Mr. Trask from Town property as a trespasser (**Exhibit D**).

7. To date I have received no further reply from Sheriff Whitney. I have also never received any correspondence or reply from County Administrator Knapp. Mr. Trask continues to come to work for Mr. Ford at the Town Highway Department, and the Allegany Sheriff's Department has done nothing to remove him as a non-employee of the Town per the Town's repeated requests.

8. On July 2, 2020, attorney Paul Leclair, who represents the Town with respect to a matter involving Mr. Ford's employment, sent Mr. Ford's attorney, Seth Pullen, an email with an attached letter and copy of the Court's Decision and Order in this matter (**Exhibit E, at pp. 3-8**). In his letter Mr. Leclair explained the import of the Court's Decision and Order and requested that Mr. Ford take steps to prevent Mr. Trask from coming onto Town property and performing any work for the Highway Department or operating any Town machinery or vehicles. (**Exhibit E, at pp. 4-8**).

3

9. In his July 6, 2020, response, on which I was copied, Mr. Pullen stated that: "*I have informed Mr. Ford of the order's import, and he will carry out its requirements to the extent of his authority,* **by not allowing Mr. Trask access to Town property or equipment**." (**Exhibit E, at p.2**) (emphasis supplied).

10. I replied to Mr. Pullen at 4:17 PM on July 6, 2020, and informed him that Mr. Ford had allowed Mr. Trask to drive the Town's truck that very day and that there was a picture of Mr. Trask's car at the Highway Department at 3:26 PM (**Exhibit E, at p.1**). I have never received any further response from Mr. Pullen.

11. On July 15, 2020, Mr. Ford submitted a Town of Alma Highway Department payroll in which he certified that Mr. Trask worked 79.7 hours for him at the Highway Department for the period July 2 – July 15, 2020 (**Exhibit F**). The certification statement signed by Mr. Ford states: "*I certify that I have read the foregoing payroll, and that I have supervision of the persons named therein, that such persons have actually performed the proper duties of the positions and employments indicated and that those persons described as 'laborers' are employed at ordinary unskilled labor only, and that the payroll is correct and approved for payment.*" (**Exhibit F**). Thus, Mr. Pullen's representation that Mr. Ford would not permit Mr. Trask access to Town property or equipment was clearly not accurate.

12. By letter dated July 6, 2020, Respondent Local 1580's attorney, Michael Harren, advised Sheriff Whitney to ignore the Town's request to have Mr. Trask removed from Town property as a trespasser (**Exhibit G**). Mr. Harren took this position despite the Court's agreement in its Decision and Order with Arbitrator Selchick's conclusion that Mr. Trask had been lawfully terminated by the Town per the collective bargaining agreement on January 25, 2019. This conclusion was an integral part of the Court's confirmation of the arbitration award.

4

13. The standard under CPLR 5104 for finding an individual to be in civil contempt is that the party or person otherwise required to obey a court's order "refuses or willfully neglects to obey it." The standard for criminal contempt under Judiciary Law §750 is that the alleged contemnor knowingly, willfully, and contumaciously violated a clear and unequivocal court mandate.

14. In its Decision and Order, the Court stated that "*The Agreement between the Union and the Town makes clear that arbitration is not an available remedy to an employee terminated during his period of probation. As Mr. Trask was hired on December 7, 2018 and fired on January 25, 2019, he was employed less than 60 days. Accordingly, Mr. Trask was not, under the terms of the Agreement, entitled to arbitration.*" (Decision and Order, at p. 3 of 4).

15. The Court also recognized the Town's strong concerns with Mr. Trask continuing to come to work for Mr. Ford, observing that "*The Town, mindful of possible liability from Mr. Trask's continued disregard of the Arbitrator's Opinion and Award, filed the instant proceeding pursuant to Article 75 seeking Court confirmation of the Opinion and Award.*" (Decision and Order at p. 3 of 4). As a matter of fact, the Town's concerns have become a reality, most recently by advent of Mr. Trask causing property damage to a Town resident's property while operating a Town vehicle sanctioned by Mr. Ford. (**Exhibit H** – insurance claim and demands by the Town that Messrs. Trask and Ford indemnify it for the property damage caused by Mr. Trask while illegally working for Mr. Ford).

16. While the denial of the Town's petition to confirm Arbitrator Selchick's Award would not necessarily have decided the issue of whether Mr. Trask was or was not a Town employee after January 25, 2019, this Court's confirmation of that award and agreement in its

5

Decision and Order that Mr. Trask was fired on January 25, 2019, confirmed that that Mr. Trask was definitely **not** a Town employee after January 25, 2019.

17. In the context of the Town's CPLR Article 75 proceeding to confirm Arbitrator Selchick's Award, the only relief that the Court could grant was a confirmation of the Award. Once granted, the confirmed Award became legally enforceable; or so the Town thought.

18. The fact that the Court confirmed the Arbitrator's Award finding that Mr. Trask was lawfully terminated under the collective bargaining agreement has the legal effect of mandating that Mr. Trask no longer come to work for the Town, and gave the Town the concomitant legal right to have him removed from Town property by the Sheriff.

19. Despite this, Mr. Trask has knowingly, willfully and contumaciously refused to comply with the Award upholding the Town's termination of his employment.

20. Mr. Ford, who was advised by his attorney of the meaning of the confirmed Award, has knowingly, willfully and contumaciously refused to comply with the Award confirmed by this Court and has continuously employed Mr. Trask himself at the Town's Highway Department.

21. Local 1580 has utterly flouted the results of the grievance procedure that it negotiated into the Agreement and has, through its gross inaction, knowingly, willfully and contumaciously refused to comply with the Award confirmed by this Court.

22. Sheriff Whitney, an officer sworn to uphold the law and who told the Town that he could do nothing to enforce the Award until it was confirmed by a court, has thrice refused the Town's requests to remove Mr. Trask as a trespasser when Mr. Ford continued to permit him to work for him every day at the Highway Department after being provided with a copy of this Court's Decision and Order confirming the Award.

6

23. Judiciary Law §753 (A)(1) provides:

*A. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases:*

*1. An attorney, counsellor, clerk, **sheriff,** coroner, **or other person**, in any manner duly selected or appointed to perform a judicial or ministerial service, for a misbehavior in his office or trust, or for a wilful neglect or violation of duty therein; or for disobedience to a lawful mandate of the court, or of a judge thereof, or of an officer authorized to perform the duties of such a judge.*

24. Sheriff Whitney's refusal to do his duty and enforce the trespass laws constitutes a knowing, willful and contumacious refusal to comply with the Award confirmed by this Court. Similarly, it is submitted that County Administrator Knapp's condonation, through inaction, of Sheriff Whitney's refusal to do his duty to enforce the trespass law also constitutes a knowing, willful and contumacious refusal to comply with the Award confirmed by this Court that it attributable to Allegany County directly.

25. The Town is, and continues to be, harmed by Mr. Trask's conduct and the refusal of the Union and other individuals to take any steps to abide by the Award that was confirmed by this Court.

26. There is at this point literally no other way for the Town to realize the benefit of Arbitrator Selchick's Award, as confirmed by this Court, except to have the Court grant the Town's motion for contempt and grant the relief requested in its Notice of Motion. If the Court does not grant this motion and the relief requested then Brian Trask, Daniel Ford, Respondent Local 1580, Sheriff Ricky Whitney and Allegany County will continue to make an utter mockery of the contractually agreed arbitration process, the Town's legal rights, and, perhaps most significantly, this Court's authority to render a binding and enforceable Order.

s/Edward A. Trevvett
_____
Edward A. Trevvett, Esq.

Sworn to before me this
31st day of July, 2020.

_____
Notary Public

KAREN M. TROST
Notary Public, State of New York
Qualified in Monroe County
No. 01TR4676206
My Commission Expires August 31, 2022